UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
MICHAEL A. WEBB,                :
                                :
         Plaintiff,             :   Civ. No. 17-2691 (NLH)
                                :
    v.                          :   MEMORANDUM OPINION
                                :
STATE OF NEW JERSEY             :
SUPERIOR COURT,                 :
                                :
         Defendant.             :
_____:

IT APPEARING THAT:

1. Plaintiff Michael A. Webb ("Plaintiff") has filed a notice of removal seeking to remove his New Jersey state criminal prosecution to this Court. (ECF No. 1.) He alleges that during an appearance in state court on this matter, he refused to sign a "5A form for a public defender" because "the form was actually commercial paper that deals with the Uniform Commercial Code and that under the U.C.C. Rule 3-419 if [he] sign[s] that paper [he] would be in fact loaning [his] signature to the state without receiving compensation." (Id. at 2.)

2. Plaintiff further alleges that the state court judge failed to address his "bail motion" and "the letter of rogatory" he submitted. (Id.) He also alleges that the judge "destroyed [his] rebuttal evidence." (Id.) Finally, Plaintiff alleges

that the judge is requiring him to have a public defender which violates his "Thirteenth Amendment of involuntary bondage" because the public defender's duty is to the state, not Plaintiff. (Id. at 3.)

3. Criminal prosecutions may be removed from the state courts to federal court only under limited circumstances, such as where the criminal defendant was acting as an officer of the United States or is being denied equal protection by the state courts. See, e.g., 28 U.S.C. §§ 1443, 1455; In re Piskanin, 408 F. App'x 563, 564-65 (3d Cir. 2010); see also Pennsylvania v. Brown-Bey, 637 F. App'x 686, 688-89 (3d Cir. 2016). Even where those limited circumstances exist, the notice of removal or request to remove must be filed "not later than 30 days after the arraignment in the State Court, or at any time before trial, whichever is earlier" unless Plaintiff can show good cause for his failure to file within time. 28 U.S.C. § 1455(b)(1).

4. A request or notice of removal must include all grounds for removal, and "a defendant seeking to remove a case under § 1443(1) must demonstrate that the rights claimed arise under a provision of the Constitution or federal law specifically designed to promote racial equality, and must also specifically allege that he has been denied or cannot enforce in the state

court the right that was created by the civil rights law under which he seeks protection." Brown-Bey, 637 F. App'x at 688-89.

5. Under the first requirement of § 1443(1), the defendant must allege a deprivation of rights guaranteed by a federal law "providing for specific civil rights stated in terms of racial equality." Pennsylvania v. Randolph, 464 F. App'x 46, 47 (3d Cir. 2012) (internal citations and quotations omitted). Under the second requirement, removal is available where the defendant's federal civil rights would "inevitably be denied by the very act of being brought to trial in state court." Id.

6. Finally, § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." Id.

7. Here, Plaintiff has failed to set forth any valid basis for the transfer or removal of his criminal case to this Court. While he generally refers to violation of his equal protection rights, it is clear that he is actually seeking removal because the state court denied his many pre-trial motions and he disagrees with those decisions for various reasons. However, that is not sufficient for removal purposes.

8. In sum, Plaintiff does not allege that the prosecution involves issues of racial equality nor that there is any reason

that the state court cannot afford him the full protections of the law. Therefore, he cannot proceed under § 1443(1). Plaintiff has also failed to allege any facts that would allow him to proceed under § 1443(2), as that section is only applicable to federal officers or agents or those authorized to act for or with them. Id.

    9. Because Plaintiff has presented no valid grounds for removal, summary remand is appropriate pursuant to 28 U.S.C. § 1455(4). Therefore, Plaintiff's case must be remanded to the Superior Court from which it was improperly removed.[1]

    10. An appropriate order follows.

Dated: July 13, 2017            s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.

---

[1] While it is not entirely clear from his submissions, it also appears that Plaintiff may have been arraigned more than 30 days prior to the filing of his notice of removal, which would make his request untimely. 28 U.S.C. § 1455(b)(1).